J-A18019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEORGE R. BOUSAMRA M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EXCELA HEALTH, A CORPORATION; | : | |
| WESTMORELAND REGIONAL | : | |
| HOSPITAL, DOING BUSINESS AS | : | No. 272 WDA 2021 |
| EXCELA WESTMORELAND HOSPITAL, | : | |
| A CORPORATION; ROBERT | : | |
| ROGALSKI; JEROME E. GRANATO | : | |
| M.D., LATROBE CARDIOLOGY | : | |
| ASSOCIATES, INC., A | : | |
| CORPORATION; ROBERT N. STAFFEN | : | |
| M.D.; MERCER HEALTH AND | : | |
| BENEFITS, LLC; AND AMERICAN | : | |
| MEDICAL FOUNDATION FOR PEER | : | |
| REVIEW AND EDUCATION, INC., A | : | |
| CORPORATION. | : | |
| | : | |
| EHAB MORCOS M.D. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EXCELA HEALTH, A CORPORATION; | : | |
| WESTMORELAND REGIONAL | : | |
| HOSPITAL, DOING BUSINESS AS | : | |
| EXCELA WESTMORELAND HOSPITAL, | : | |
| A CORPORATION; ROBERT | : | |
| ROGALSKI; JEROME E. GRANATO | : | |
| M.D., LATROBE CARDIOLOGY | : | |
| ASSOCIATES, INC., A | : | |
| CORPORATION; ROBERT N. STAFFEN | : | |
| M.D.; MERCER HEALTH AND | : | |
| BENEFITS, LLC; AND AMERICAN | : | |
| MEDICAL FOUNDATION FOR PEER | : | |
| REVIEW AND EDUCATION, INC., A | : | |
| CORPORATION. | : | |
| | : | |

|  | : |
| --- | --- |
| APPEAL OF: MERCER HEALTH AND | : |
| BENEFITS, LLC., AND AMERICAN | : |
| MEDICAL FOUNDATION FOR PEER | |
| REVIEW AND EDUCATION INC. | |

Appeal from the Order Entered January 26, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-12-003929,
GD-12-003941

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY NICHOLS, J.: **FILED: DECEMBER 21, 2021**

I respectfully dissent.[1]  In my view, it is unclear whether Appellants are "review committees" entitled to invoke the peer review privilege, particularly given the ambiguity of the Peer Review Protection Act (PRPA).[2]  ***See, e.g.***, ***Leadbitter v. Keystone Anesthesia Consultants, Ltd.***, 256 A.3d 1164 (Pa. 2021); ***Reginelli v. Boggs***, 181 A.3d 293 (Pa. 2018).  In my opinion, because the PRPA lacks clarity, the trial court's April 24, 2019 order did not face "almost certain reversal on appellate review."  ***See Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003).  It follows that the trial court's April 24, 2019 order was not clearly erroneous and would not result in a manifest injustice

---

[1] I agree with the majority that the certified record is deficient and inaccurate. ***See*** Majority Memo. at 6 n.4.  Because of the substantial record, which spans several thousand pages to date, I urge all involved to ensure the accuracy and completeness of any record transmitted to an appellate court.

[2] 63 P.S. §§ 425.1-425.4.

- 2 -

requiring the trial court, on January 26, 2021, to depart from the law-of-the-case doctrine. *See id.* at 29-30; Order, 1/26/21.

More importantly, in my judgment, the majority's statutory analysis is incomplete. I begin by quoting from the PRPA, summarizing the majority's analysis, and highlighting the majority's omission. The PRPA states that documents of a review committee are privileged and protected from discovery:

> The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof . . . .

63 P.S. § 425.4.

The PRPA did not define "review committee" but defined "review organization" as follows:

> "Review organization" means any committee engaging in peer review, including a hospital utilization review committee, a hospital tissue committee, a health insurance review committee, a hospital plan corporation review committee, a professional health service plan review committee, a dental review committee, a physicians' advisory committee, a veterinary review committee, a nursing advisory committee, any committee established pursuant to the medical assistance program, and any committee established by one or more State or local professional societies, to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing

- 3 -

morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care. [Sentence 1]

It shall also mean any hospital board, committee or individual reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto. [Sentence 2]

It shall also mean a committee of an association of professional health care providers reviewing the operation of hospitals, nursing homes, convalescent homes or other health care facilities. [Sentence 3]

*Id.* § 425.2 (formatting altered).[3] The **Leadbitter** Court explained that "Sentence 1 of the definition of 'Review organization,' . . . specifies that a review organization is 'any committee engaging in peer review,' and then lists eleven **non-exclusive** examples." **Leadbitter**, 256 A.3d at 1176 (emphasis added and footnote omitted); ***see also McClellan v. Health Maintenance Organization of Pa.***, 686 A.2d 801, 806 (Pa. 1996) (plurality) (applying statutory construction doctrine "of the same kind or class" to Section 425.2). Having discussed the relevant statutory language, I next briefly summarize the majority's conclusion and its omission.

The majority asserts that because Appellants are not professional health care providers, they cannot be designated as a "review committee" for purposes of invoking the peer review privilege. **See** Majority Memo. at 20.

---

[3] "As can be seen, the definition is set forth in three distinct sentences which contemplate three different types of bodies." **Leadbitter**, 256 A.3d at 1170. The **Leadbitter** Court designated each sentence of the definition in the order of appearance as Sentence 1, Sentence 2, and Sentence 3.

The majority's assertion necessarily assumes that Appellants fall only within the scope of Sentence 3, and not Sentence 1 or Sentence 2 of Section 425.2. The majority fails to explain why Appellants fall outside the scope of Sentence 1, which the *Leadbitter* Court defined as "any committee engaging in peer review" including "eleven **non-exclusive** examples." *Leadbitter*, 256 A.3d at 1176 (emphasis added). Because Appellants may qualify as a "review committee" under Sentence 1, it follows that the trial court's April 24, 2019 order did not face "almost certain reversal on appellate review" as a "clearly erroneous" order. *See Zane*, 836 A.2d at 29-30. For these reasons, I would have not have affirmed the trial court's January 26, 2021 order. Accordingly, I respectfully dissent.